IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Criminal No. 3:09-825-15-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Loreze Williams,<br>                Defendant. | |

This case comes before the court on Defendant's Motion for Relief Under First Step Act of 2018. ECF No. 1722. The United States Probation Office filed a Sentence Reduction Report ("SRR") indicating Count 13 was a covered offense, but noting Defendant did not appear to qualify for a reduced sentence on Count 1, a cocaine and cocaine base conspiracy count. ECF No. 1721. The Government filed a response in opposition (ECF No. 1724), and Defendant filed a reply (ECF No. 1725). Thereafter, the court directed the Government to address whether Defendant's conviction on Count 13 should impact the court's decision. The Government then filed a Supplemental Response (ECF No. 1729), and Defendant filed a Reply to that (ECF No. 1730).

**ANALYSIS**

The court finds Defendant's statutory range on Count 13 is changed by the First Step Act and is no longer five to 40 years' imprisonment and at least four years' supervised release, but is now zero to 20 years' imprisonment and at least three years' supervised release. Therefore, because the statute of conviction on Count 13 is one for which the statutory penalties were modified by section 2 of the Fair Sentencing Act, it is a "covered offense."

However, Defendant's conviction on Count 1, for which he is serving 210 months concurrent with 210 months on Count 13, is not a covered offense. Defendant pled guilty in Count

1 to Conspiracy to Possess with intent to Distribute and to Distribute 5 grams or more of cocaine base and 500 grams or more of cocaine.

Under the First Step Act, the court may impose a reduced sentence only if it previously imposed a sentence for a "covered offense" – *i.e.*, a "violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, . . . that was committed before August 3, 2010." Because sections 2 and 3 of the Fair Sentencing Act have no effect on the statutory penalty for Defendant's offense of conspiring to possess with intent to distribute both 500 grams or more of cocaine and 5 grams or more of cocaine base, a violation of 21 U.S.C. §§ 846, 841 (b)(1)(A), Count 1 is not a covered offense eligible for First Step Act relief.[1] Section 2 of the Fair Sentencing Act amended the threshold cocaine base amounts triggering §§841(b)(1)(A) and (B)'s penalties, amending § 841(b)(1)(A)(iii) "by striking '50 grams' and inserting '280 grams,'" and amending § 841(b)(1)(B)(iii) "by striking '5 grams' and

---

[1] *United States v. Juan Mendoza*, __ F. App'x __, 2019 WL 4051965, at *1, (4th Cir. Aug. 28, 2019) (affirming district court's denial of First Step Act motion where defendant pled guilty to conspiracy to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and a quantity of marijuana), *aff'g* 2019 WL 1593998 (D.S.C. Apr. 15, 2019); *United States v. Westbrook*, __ F. App'x __, 2019 WL 3991466, at *1 (4th Cir. Aug. 23, 2019) (affirming district court's denial of First Step Act motion where defendant pled guilty to conspiracy with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base), *aff'g* 2019 WL 1542571 (D.S.C. April 9, 2019); *United States v. Spencer*, Cr. No. 07-174, 2019 WL 3369794, at *2 (D. Minn. July 26, 2019) ("Because the statutory penalties for Spencer's powder cocaine offenses in Counts 1 and 4 were not modified by the Fair Sentencing Act, the offenses are not "covered offenses" under the First Step Act."); *United States v. Smith*, No. 8:02-cr-448, 2019 WL 2330482, at *1 (M.D. Fla. May 31, 2019); *United States v. Jones*, Cr. No. 94-0067, 2019 WL 1560879, at *2 S.D. Ala. April 9, 2019). *But see United States v. Medina*, No. 3:05-cv-58, 2019 WL 3766392, at * 2 (D. Conn. Aug. 8, 2019); *United States v. Mack*, Crim. No. 00-323, 2019 WL 3297495, at *11-13 (D.N.J. July 23, 2019).

inserting '28 grams.'" Fair Sentencing Act, § 2, Pub. L. No. 111-220, 124 Stat. 2372. Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession. Fair Sentencing Act, § 3, Pub. L. No. 111-220, 124 Stat. 2372. Neither section altered the statutory penalties for offenses involving powder cocaine.

Both before and after the effective date of sections 2 and 3 of the Fair Sentencing Act, the statutory penalty for Defendant's offense of conviction in Count 1 is five to 40 years imprisonment pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(B). Regardless of whether Defendant's cocaine base amount no longer triggers his original statutory penalty range, 500 grams or more of powder cocaine does.[2] The statutory penalty for conspiracy to distribute 500 grams or more of cocaine remains five to 40 years.

The Government now concedes Count 13 is a covered offense under the First Step Act and the statutory penalty is now zero to 20 years' imprisonment and at least three years' supervised release. This affects the guideline range for Count 13, reducing it from 262-327 months to 210-240 months.

The Government further concedes the court has the discretion to impose a reduced sentence that has the effect of reducing Defendant's sentence on a non-covered offense, such as Count 1.[3]

---

[2] The Fair Sentencing Act could have retroactively decriminalized cocaine base but even that would have had no effect on Defendant's statutory penalty on Count 1.

[3] Essentially, because the court originally fashioned a sentence as a whole for all convictions, his eligibility on Count 13 under the First Step Act means the court has the authority and discretion to unbundle the sentence and re-sentence on all counts.

However, the Government opposes such a reduction based upon Defendant's criminal history, career offender status, PSR drug weights of over 28 kilograms of cocaine, and disciplinary record in the Bureau of Prisons ("BOP").

Defendant has submitted his BOP records and letters of support from family members. BOP records reflect four disciplinary infractions in just over ten years, three of which were 300 level offenses and one of which was a 100 level offense.[4] Defendant has obtained his GED and completed 23 education courses. He has earned average work evaluations during his period of incarceration. Defendant has a supportive family and daughters who are accomplished students.

---

[4] According to the BOP, 100-level offenses are the most serious; 200-level offenses are moderately serious, and 300-level offenses are the least serious.

The court has considered the new statutory range on Count 13, the advisory guideline range, the factors in 18 U.S.C. § 3553(a), and evidence of post-sentencing behavior and mitigation and has decided to impose a reduced sentence of 188 months on Counts 13 and 1, concurrent. Supervised release shall be four years on Count 1 and three years on Count 13, concurrent. This reduced sentence is sufficient, but not greater than necessary, to achieve the purposes of sentencing. The court finds that a time served sentence is not warranted given the seriousness of the offense conduct, Defendant's criminal history, and Defendant's BOP disciplinary record.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 9, 2019